UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 4:09-CV-03039 MH |
| | § | |
| SCRIBD, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

**ORIGINAL ANSWER OF SCRIBD, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Scribd, Inc., ("Scribd") Defendant herein, and respectfully files this its Original Answer to the Complaint filed by Elaine Scott, Plaintiff herein.

Responding to the allegations set forth in the first unnumbered paragraph under the heading "Parties," Defendant does not have sufficient information to admit or deny whether or not Elaine Scott is an author and citizen of Houston, Texas, and as such denies said allegations. .

Responding to the allegations set forth in the second unnumbered paragraph under the heading "Parties," Defendant admits that it is Delaware corporation. Scribd denies that its principal place of business is 211 Sutter Street, 2nd Floor, San Francisco, CA 94108. Defendant admits it has accepted service in this case.

1.      In paragraph 1 of the Complaint, Plaintiff asserts a number of self-serving statements regarding the West Coast technology industry. No answer is required thereto, or, alternatively, should answer thereto be necessary, Defendant denies all such allegations.

2.      Defendant denies all allegations of paragraph 2 of the Complaint.

3.     Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

4.     Defendant does not have sufficient information to admit or deny whether Plaintiff is a successful children's book author, as alleged in Paragraph 4 of the Complaint.    Subject thereto, Defendant denies such allegation.    Defendant further denies that Plaintiff is a "victim" of any Scribd enterprise.

5.     Responding to Paragraph 5 of the Complaint, Defendant does not have sufficient information to admit or deny whether or not Ms. Scott authored the book described therein. Accordingly, Defendant denies said allegations.

6.     Defendant does not have sufficient information to admit or deny the allegations set forth in Paragraph 6 of the Complaint regarding Defendant's authorship, publication, and registration of copyright of the book in question, and accordingly denies said allegations.

7.     Defendant admits the allegations set forth in Paragraph 7 of the Complaint.

8.     Defendant does not have sufficient information to admit or deny the allegations of Paragraph 8 of the Complaint, and accordingly denies said allegations.

9.     Defendant does not have sufficient information to admit or deny the allegations set forth in the Complaint regarding any alleged search Plaintiff conducted regarding the Defendant's site, and accordingly denies said allegations.    Defendant admits that the Plaintiff has not licensed the book in question to Defendant.

10.     Defendant denies that Plaintiff herself sent any letters to Scribd.    Defendant otherwise admits the allegations set forth in Paragraph 10 of the Complaint.

11.     Defendant does not have sufficient information to admit or deny the allegations of paragraph 11 of the Complaint, and accordingly denies said allegations.

12.     Defendant does not have sufficient information to admit or deny the allegations of paragraph 12 of the Complaint, and accordingly denies said allegations.

13.     Defendant does not have sufficient information to admit or deny the allegations of paragraph 13 of the Complaint, and accordingly denies said allegations.

14.     Defendant admits that the quoted portions of Paragraph 14 of the Complaint are taken from the site identified in footnote 1 of the Complaint.  Defendant otherwise does not have sufficient information to admit or deny the allegations of paragraph 14 of the Complaint, and accordingly denies said allegations

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant admits that the statements quoted in Paragraph 17 of the Complaint appear on its website.

18.     Responding to the allegations set forth in Paragraph 18 of the Complaint, Defendant admits that Trip Adler is CEO of Defendant and one its founders.  Defendant also admits that Trip Adler has been quoted in a variety of news articles available on the internet and in print.  Defendant denies that Defendant has engaged in any illegal activity and that the statements described in Paragraph 18 of the Complaint suggest that Scribd engages in illegal activity.

19.     Defendant admits that the statement quoted in Paragraph 19 of the Complaint was contained in the interview identified in footnote 3 to the Complaint.

20.     Responding to the allegations set forth in Paragraph 20 of the Complaint, Defendant admits that the first sentence of paragraph 20 is a quote from the interview described in footnote 4 of the Complaint.  Defendant admits that the second sentence of paragraph 20

appears to be a quotation from the interview described in footnote 5 of the Complaint. Defendant denies the remainder of Paragraph 20 of the Complaint.

21.     Defendant admits that the first sentence of paragraph 21 is a quotation taken from the interview described in footnote 6 of the Complaint. Defendant denies the remaining allegations of Paragraph 21 of the Complaint.

22.     Defendant admits that the quotation contained in Paragraph 22 is contained in the interview described in footnote 7 of the Complaint.

23.     Defendant admits the first two sentences of Paragraph 23 of the Complaint are quotes from an interview described in footnote 8 of the Complaint. Defendant denies the balance of the allegations set forth in Paragraph 23 of the Complaint.

24.     Defendant admits the first sentence of Paragraph 24 of the Complaint includes a partial quote from an interview described in footnote 9 of the Complaint. Defendant admits that the second sentence of Paragraph 24 of the Complaint contains a partial quote from an interview described in footnote 10 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25.     Responding to the allegations set forth in Paragraph 25 of the Complaint, Defendant denies that it is using Plaintiff's work in Defendant's copyright protection system, and further denies the balance of the allegations set forth in Paragraph 25 of the Complaint.

26.     Defendant admits that the first sentence of Paragraph 26 is a quotation from an interview described in footnote 11 of the Complaint. Defendant admits the remaining allegations of Paragraph 26 of the Complaint.

27.     Defendant admits that Paragraph 27 of the Complaint is a quote from an interview described in footnote 12 of the Complaint.

28.     Defendant admits that Paragraph 28 of the Complaint is a quote from an interview described in footnote 13 of the Complaint.

29.     Defendant admits that Paragraph 29 of the Complaint is a quote from an interview described in footnote 14 of the Complaint.

30.     Defendant admits that Paragraph 30 of the Complaint is in part a quotation from the interview described in footnote 15 of the Complaint.

31.     Defendant admits that the first sentence of Paragraph 31 of the Complaint is a quotation from the interview described in footnote 16 of the Complaint. Defendant denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32.     Responding to the allegations set forth in Paragraph 32 of the Complaint, Defendant denies that there is an "extensive library of unauthorized copyrighted works offered by Scribd. . ." Defendant does not have sufficient information to admit or deny the accuracy of the remaining allegations set forth in Paragraph 32 of the Complaint and accordingly denies said allegations.

33.     Responding to the allegations set forth in Paragraph 33 of the Complaint, Defendant denies that it has knowingly and willingly engaged in copyright infringement. Defendant admits that on its website it acknowledges that distribution of copyrighted content without the copyright's owner permission is illegal. Defendant admits that the third sentence of paragraph 33 is a quotation from the URL identified in footnote 18 of the Complaint.

34.     Paragraph 34 states a legal conclusion to which no response is required. Defendant denies that it has admitted that any activity by Defendant is illegal. The third sentence of paragraph 34 is an accurate quotation from the URL identified in footnote 18 of the Complaint.

35.    Responding to the allegations set forth in Paragraph 35 of the Complaint, Defendant admits that it asks authors to deliver a DMCA "takedown notice" to remove a copyrighted work from Defendant's system to the addresses stated therein.

36.    The first sentence of Paragraph 36 constitutes a legal conclusion to which no response is required.  Defendant denies that the information listed at the Copyright Office for Scribd's designated agent is the information that appears in the Paragraph 36 of the Complaint.

37.    Defendant admits the allegations contained in the first, second, and third sentences of Paragraph 37 of the Complaint.  Defendant denies the allegation in the fourth sentence of Paragraph 37 of the Complaint.  The remainder of Paragraph 37 of the Complaint constitutes a legal conclusion to which no response is required.

38.    Defendant admits the allegations contained in Paragraph 38 of the Complaint that it "reserves the right to change the terms of the agreement related to the Copyright Management System at any time" and that it does not guarantee that one's waiver of her rights to sue will insure that her works will no longer be uploaded and made available on the system.  Defendant admits that several clauses in the agreement specifically waive any liability for Scribd if the Copyright Management System fails to protect the author's rights.  Defendant denies the remainder of the allegations in Paragraph 38.

39.    Defendant does not have sufficient information to admit or deny the allegations in Paragraph 39 of the Complaint regarding Plaintiff's doubts and accordingly said allegations are denied..  Defendant denies the remainder of the allegations set forth in Paragraph 39 of the Complaint.

40.    Responding to the allegations set forth in Paragraph 40 of the Complaint, Defendant denies that Plaintiff's work has been infringed.  Defendant denies that Plaintiff is

entitled to any of the relief requested in Paragraph 40 of the Complaint, including class action certification and injunctive relief.

41.     Although denied as to the substantive merits of the claims alleged against Defendant as stated in Paragraph 41 of the Complaint, Defendant admits the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendant admits the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.     Responding to the allegations set forth in Paragraph 44 of the Complaint, Defendant expressly denies that Plaintiff has standing to assert this suit as a class representative pursuant to Fed. R. Civ. Proc. 23(a)(1) through (4).   Filed prior to and contemporaneously herewith is Defendant's Motion To Strike Class Action pursuant to Fed. R. Civ. Proc. 12(f) and 23.  Defendant denies the other factual allegations in Paragraph 44 of the Complaint.   Paragraph 44 of the Complaint otherwise consists of legal conclusions or citations to case and opinion authority which do not require an answer.

## CLASS ALLEGATIONS

45.     Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

Filed contemporaneously herewith is Defendant's Motion To Strike Class Allegations. Defendant incorporates all statements contained therein in support of Defendant's denial that this is a case for class certification and/or that Plaintiff qualifies as an appropriate class representative per Fed. R. Civ. P. 23, *et. seq.*

53.     No answer is required to the first sentence of Paragraph 53 of the Complaint as it is a mere statement of law.  Defendant denies the remaining allegations of Paragraph 53 of the Complaint.

54.     Defendant admits that the first sentence of Paragraph 54 of the Complaint is a statement of law.  Defendant denies that Scribd has actual and constructive knowledge that its users employ the Scribd website to infringe copyright works.  Defendant denies the remaining allegations of Paragraph 54 of the Complaint.

55.     Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations set forth in Paragraph 56 of the Complaint. Defendant affirmatively asserts that it is in fact protected by and has complied with the DMCA Safe Harbor Provisions under 17 U.S.C. § 512.

## AFFIRMATIVE DEFENSES

**57.     Defendant hereby asserts by way of affirmative defense that it is entitled to the Safe Harbor protections and defenses provided by and found in 17 USC § 512.**

**58.     Defendant further alleges by way of affirmative defense that the Plaintiff is barred in whole or in part due to Plaintiff's failure to comply with the notice provisions of 17 USC § 512.**

59.    Defendant further alleges by way of affirmative defense that the Plaintiff's claims are barred in whole or in part by licenses, express and/or implied, which were granted or authorized to be granted by the Plaintiff.

60.    Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

61.    Defendant further alleges by way of affirmative defense that Plaintiff has failed to mitigate her damages.

62.    Defendant further alleges by way of affirmative defense that Plaintiff's damages, if any, are limited by Defendant's innocent intent.

63.    Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by copyright misuse.

64.    Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

66.    Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

67.    Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

68.    Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred by the doctrine of substantial non-infringing use, to the extent the doctrine imposes the burden of proof on the Defendant with respect to showing the doctrine's applicability.  In this regard, Defendant would show that it is the Plaintiff's burden to prove the inapplicability of said doctrine.

69.    Defendant further alleges by way of affirmative defense that Plaintiff's request for statutory damages in limited in that Defendant's actions were not willful.

### PRAYER FOR RELIEF

Defendant respectfully prays that class certification be in all respects denied, that Plaintiff recover nothing by reason of her causes of action herein, individually and as alleged class representative, that Defendant recover its costs and reasonable attorneys' fees and expenses, and that Defendant have and recover all other and further relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

By: _____

Barry G. Flynn
Attorney in Charge
State Bar No. 07196560
Federal Bar No. 3618
Daniel D. Kistler
State Bar No. 11540300
Federal Bar No. 30
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANT SCRIBD, INC.**

OF COUNSEL:

GORDON & REES, L.L.P.
3D/International Tower
1900 West Loop South, Suite 1000

Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer of Scribd, Inc. has been forwarded to Plaintiff by serving it's counsel of record, as set forth below, in accordance with Fed. R. Civ. P. 5, by electronic mail, facsimile, and/or First Class U.S. Mail, postage prepaid, the original hereof has been duly filed electronically with the United States District Court For the Southern District of Texas, Houston Division Clerk's Office on the 6th day of November, 2009.

Barry G. Flynn