UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ELAINE SCOTT,** *Plaintiff* v. **SCRIBD, INC.** *Defendant.* | C.A. No. 4:09-CV-03039 MH |

### PLAINTIFF ELAINE SCOTT'S MOTION TO STRIKE DEFENDANT SCRIBD'S AFFIRMATIVE DEFENSES

Pursuant to Rules 8 and 12(f) of the Federal Rules of Civil Procedure, Plaintiff Elaine Scott moves to strike Defendant Scribd's affirmative defenses for failure to satisfy the Federal Rules of Civil Procedure pleading requirements.

### I.  FACTS AND PROCEDURAL STATUS

Mrs. Scott filed her Complaint on September 18, 2009. (Docket Entry No. 1). Scribd answered on November 6, 2009, (Docket Entry No. 6), contemporaneously filing a premature Motion to Strike Class Allegations Or, In The Alternative, To Deny Class Certification. (Docket Entry No. 5). The Answer's last twelve paragraphs assert numerous conclusory affirmative defenses without pleading any facts that form the basis for these defenses.

Because Scribd's affirmative defenses are insufficient under Rule 8, the Court should dismiss or strike those portions of Scribd's original answer pursuant to Rule 12(f).

II.  ARGUMENT

A motion to strike a defense under FRCP 12(f) is proper "when the defense is insufficient as a matter of law." *See Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), cert. denied, 459 U.S. 1105 (1983); *United States v. Cushman & Wakefield, Inc.*, 275 F.Supp.2d 763, 768 (N.D. Tex. 2002) (citations omitted).  Where, as here, the defenses will protract and complicate the litigation and, thereby prejudice the plaintiff, such defenses will be stricken. See *United States v. Benavides*, 2008 WL 362682, *4-5 (S.D. Tex. 2008).

"An affirmative defense is subject to the same pleading requirements as is the complaint. . . . It must be pled with enough specificity to give the plaintiff "fair notice" of the defense being advanced.  The recent Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, clarified the pleading specificity standard, explaining that 'a formulaic recitation of the elements of a cause of action will not do' and that '[f]actual allegations must be enough to raise a right to relief above the speculative level.' *T-Mobile USA, Inc., v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D. Tex. 2008) (internal citation omitted). Scribd has failed to allege sufficient facts to provide Mrs. Scott with fair notice

of the affirmative defenses in question. Mrs. Scott, therefore, requests that this Court strike all of Scribd's affirmative defenses on the basis that they are inadequately pled.

### A. Defendant's Affirmative Defenses Fail to Satisfy Rule 8's Pleading Requirements.

Scribd's affirmative defenses are subject to Federal Rule of Civil Procedure 8's pleading requirements. *See Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("An affirmative defense is subject to the same pleading requirements as is the complaint.").

Under Rule 8's pleading standards, a defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield*, 193 F.3d at 362. A defendant's recitation of an affirmative defense "requires more than labels and conclusions, and a formulaic recitation of the elements of [an affirmative defense] will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) ("'Without some factual allegation in the [affirmative defense], it is hard to see how a [defendant] could satisfy the requirement of providing not only 'fair notice' of the nature of the [defense], but also 'grounds' on which the [defense] rests,'" quoting *Bell Atl. Corp.*, 550 U.S. at 555 n.3 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atl. Corp.*, 550 U.S. at 555;

*see also Stoffels v. SBC Commc'ns, Inc.*, No. 05-CV-0233-WWJ, 2008 WL 4391396, at *1 (W.D. Tex. Sept. 22, 2008) (citing Twombly's clarification of pleading standard in considering motion to strike affirmative defenses).

"[N]aked assertion[s] devoid of further factual enhancement" will no longer suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (internal citation to *Twombly* and quotation omitted). An allegation that constitutes a bare bones legal conclusion is now clearly insufficient. See *Greenheck Fan Corp. v. Loren Cook Co.*, 2008 WL 4443805 (W.D. Wis. 2008); *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications, Inc.*, 2008 WL 4391396, *1 (W.D. Tex. 2008); *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016, *3 (N.D. Tex. 2008); *Holtzman v. B/E Aerospace, Inc.*, 2008 WL 2225668, *2 (S.D. Fla. 2008); *U.S. v. Quadrini*, 2007 WL 4303213, *4 (E.D. Mich. 2007) ("Thus, a wholly conclusory affirmative defense is not sufficient.")

Each of Scribd's affirmative defenses falls short of satisfying Rule 8's "fair notice" pleading requirements. Indeed, as pled, Defendants' affirmative defenses provide absolutely no indication of what the factual basis of those affirmative defenses might be, and therefore, force Ms. Scott to guess and wonder. Defendants' recitation of affirmative defenses reads, in its entirety:

### AFFIRMATIVE DEFENSES

**57. Defendant hereby asserts by way of affirmative defense that it is entitled to the Safe Harbor protections and defenses provided by and found in 17 USC § 512.**

58. Defendant further alleges by way of affirmative defense that the Plaintiff is barred in whole or in part due to Plaintiff's failure to comply with the notice provisions of 17 USC § 512.

59. Defendant further alleges by way of affirmative defense that the Plaintiff's claims are barred in whole or in part by licenses, express and/or implied, which were granted or authorized to be granted by the Plaintiff.

60. Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

61. Defendant further alleges by way of affirmative defense that Plaintiff has failed to mitigate her damages.

62. Defendant further alleges by way of affirmative defense that Plaintiff's damages, if any, are limited by Defendant's innocent intent.

63. Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by copyright misuse.

64. Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

66. Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.
67. Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

68. Defendant further alleges by way of affirmative defense that Plaintiff's claims are barred by the doctrine of substantial non-infringing use, to the extent the doctrine imposes the burden of proof on the Defendant with respect to showing the doctrine's applicability. In this regard, Defendant would show that it is the Plaintiff's burden to prove the inapplicability of

5

said doctrine.

69. Defendant further alleges by way of affirmative defense that Plaintiff's request for statutory damages in limited in that Defendant's actions were not willful.

Defendants' Original Answer ¶¶ 57-69. This bare-bones boilerplate pleading of affirmative defenses is inadequate. *See, e.g., T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC,* No. 3:08-CV-0340-G, 2008 WL 2600016, *3 (N.D. Tex. July 1, 2008) ("The defendants' bald assertion that the '[p]laintiff's claims are barred by the doctrine of unclean hands' does not provide T-Mobile with 'fair notice' of the defenses being advanced."); *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *4 (striking estoppel defense after determining that "scant pleading" of the defense "fail[ed] to provide Plaintiff fair notice" because, for example, "as pled there [wa]s no way for Plaintiff to identify what specifically [defendant] claims to have relied upon to give rise to an estoppel"); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("It is unacceptable for a party's attorney simply to mouth ADs [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense--which is after all the goal of notice pleading."); *Poly-America, Inc. v. GSE Lining Tech., Inc.*, No. 3:96-cv-2690-P, 1998 U.S. Dist. LEXIS 9996 at *22 (N.D. Tex. June 29, 1998). (equitable defenses, laches and estoppel must be pled with particularity); *Microthin.com v.*

*Siliconezone USA*, 2006 U.S. Dist. LEXIS 82976 at *29-30. ("**Courts have held time and time again that stringing together a long list of legal defenses is not sufficient to satisfy Rule 8(a)'s short and plain statement requirement**") (internal citation omitted, emphasis added).

The record in this case is devoid of factual support for these defenses and Scribd has made no attempt to introduce or allege any similar supporting facts. No facts are contained in Scribd's pleadings other than admissions or denials of the facts alleged in Ms. Scott's Complaint and no notice is given as to how or why any of Scribd's alleged affirmative defenses apply. Scribd's affirmative defenses fail to provide "fair notice" to Ms. Scott and the Class, they should be dismissed or stricken.

### III. CONCLUSION

Each of Scribd's earlier-quoted defenses is simply a cursory, boilerplate legal conclusion lacking any allegation of fact, and thereby fails to provide a sufficient basis for asserting the legal conclusion it presupposes. Accordingly, the Court should strike ¶¶ 57-69 from Scribd's Original Answer.

Dated: November 30, 2009

                Respectfully submitted,

                /s/ K.A.D. Camara_____
                K.A.D. Camara
                Southern District Bar No. 870498
                Texas Bar No. 24062646
                camara@camarasibley.com

                Camara & Sibley LLP
                2339 University Boulevard
                Houston, Texas  77005
                713-893-7973
                713-583-1131 (fax)

                *Attorney in Charge for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I served this Response on opposing counsel through the Court's ECF system on November 30, 2009.

/s/ K.A.D. Camara_____
K.A.D. Camara

9