UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 4:09-CV-03039 MH |
| | § | |
| SCRIBD, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |

**SCRIBD, INC.'S RESPONSE TO
PLAINTIFF'S MOTION TO STRIKE DEFENDANT SCRIBD'S
AFFIRMATIVE DEFENSES (DOCKET ENTRY NO. 9)**

COMES NOW, Scribd, Inc., ("Scribd") Defendant herein, and respectfully files this its Response to Plaintiff Elaine Scott's Motion to Strike Defendant Scribd's Affirmative Defenses (Docket Entry No. 9).

**Introduction.**

1. Plaintiff by its motion seeks to strike from Defendant's Original Answer all of the 10 affirmative defenses pled by Defendant on the claim that these affirmative defenses were not sufficiently fleshed out by the pleading of specific facts, citing to recent published and unpublished District Court opinions and recent Supreme Court and Fifth Circuit (and other Circuit) authority for Plaintiff's proposition that by failing to plead more facts in support of the affirmative defenses pled, these affirmative defenses become insufficient as a matter of law under Rule 8(c), Fed. R. Civ. P., and as such are subject to being struck pursuant to Rule 12(f), Fed. R. Civ. P. due to their alleged insufficiency.

2. The affirmative defenses pled by Defendant present no surprise to the Plaintiff, and in several instances, are specifically recognized and anticipated by the Plaintiff in its Original Complaint. Plaintiff has not articulated any specific basis for claiming that it will be prejudiced, other than to allege that it is prejudiced.

**Argument and Authority.**

1. The purpose of Rule 8(c), Fed R. Civ. P., is "to give the opposing party notice of the affirmative defense and a chance to argue why it should not apply." *Pasco v. Knoblauch*, 566 F.3rd 572, 578 (5th Cir. 2009), citing *Blonder-Tongue Lab v. Univ. of Ill. Found.* 402 U.S 313, 350; 91 S.Ct. 1434, 1453 (1971).

2. Plaintiff does not rely upon *Blonder-Tongue Lab.*, but instead relies in part on two other Supreme Court cases, *Bell Atlantic Corporation v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). Both cases discuss pleading requirements under Rule 8, Fed. R. Civ. P., but with respect to Complaints, not affirmative defenses. *Twombly* involved the sufficiency of a Complaint under Section 1 of the Sherman Anti-Trust Act. "This case presents the antecedent question of what a plaintiff must plead in order to state a claim under §1 of the Sherman Act." *Bell Atlantic Corporation v. Twombly*, 550 U.S. at 554, 555. Under *Twombly*, the question presented was whether, assuming the allegations pled to be true, the Plaintiff had stated a ground for relief that was plausible, and not merely conceivable. Considerations of litigation costs, including costs of discovery, at times reaching "in terrorem" proportions were discussed. *Id.*, at 557, 558.

3. Plaintiff further relies on *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, 2008 WL 2600016 (N.D. Tex. 2008). In *T-Mobile*, the court held that an affirmative need only cite a short and plain statement of the claim showing that the pleader is entitled to relief, citing to Rule

8(a)(s), Fed. R. Civ. P. "It must be pled with enough specificity to give the plaintiff "fair notice" of the defense being advanced" [citing to *Woodfield v. Bowman*, 193 F.3d 354, 357 (5th Cir. 1999].

4. In *Woodfield v. Bowman*, 193 F. 3d 354 (5th Cir. 1999), the defendant had failed to cite as an affirmative defense the failure of the insured to obtain the consent of the insurer, which is required in an underinsured motorist case under Mississippi law, instead alleging "accord and satisfaction" and waiver and/or release. It was these defenses which the Fifth Circuit held were insufficient as a matter of law to give "fair notice" of the failure to obtain consent defense which should have been pled. *Woodfield v. Bowman*, 193 F.3d 354, at 362. "The 'fair notice' pleading requirement is met if the defendant 'sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Id.* The court in *Woodfield* further acknowledged that "in some cases, merely pleading the name of the affirmative defense . . . may be sufficient." *Id.*

5. Plaintiff seeks to have all ten of the affirmative defenses struck. Included in these affirmative defenses are statutory defenses provided by specific provision of Title 17. These are statutory defenses, the scope of which are readily available to the Plaintiff to review and on which the Plaintiff can pursue reasonable discovery. Under Rule 12(f), Fed. R. Civ. P., an affirmative defense should only be stricken when it is insufficient as a matter of law. *Kaiser Aluminum and Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F. @d 1045, 1057 (5th Cir. 1982). A defense is insufficient as a matter of law only if (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

6. As the Fifth Circuit held in *Perez v. Martinez*, 830 F.2d 54 (5th Cir. 1987), the central purpose of Rule 8(c), Fed. R. Civ. P. is to prevent unfair surprise. "A defendant should not be

permitted to 'lie behind the log' and ambush a plaintiff with an unexpected defense." *Perez v. Martinez*, 830 F.2d at 57, quoting from *Ingraham v. United States*, 808 F.2d 1075, 1079 (5th Cir. 1987). Nothing of the kind is presented in this case. The affirmative defenses pled by the Defendant, particularly the statutory defenses arising from 17 USC § 512, give fair notice to the Plaintiff of the defenses being asserted by the Defendant.

7. For example, a central defense, indeed the first affirmative defense alleged by the Defendant, is an assertion of the Safe Harbor protections and defenses found at 17 USC § 512. No showing has been made by the Plaintiff that she has been prejudiced by this citation to an affirmative defense, but it was obviously one that the Plaintiff contemplated in her Complaint. At paragraph 56 of the Complaint, the Plaintiff seeks an "Expedited Declaratory Ruling to adjudge that Scribd is not exempt from monetary and injunctive relief in accord with 17 U.S.C. 512." As noted above, 17 U.S.C. § 512 is a statutory affirmative defense pled by the Defendant which Plaintiff is now claiming constitutes a surprise.

8. Plaintiff has not provided any showing of prejudice, other than its conclusory allegations that it is surprised. What Plaintiff seeks, in reality, is additional discovery by means of motion practice, requiring an expenditure of time and expense on the part of Defendant to provide a pleading which, if Plaintiff's requested relief is granted, will violate the provisions of Rule 8(d)(1), Fed. R. Civ. P. that "each allegation must be simple, concise and direct."

9. In the event that the court is inclined to grant any portion of the Plaintiff's requested relief, Defendant respectfully requests an opportunity to file an amended Answer with respect to any of the affirmative defenses the court finds insufficient as presently pled.

10. Defendant prays that Plaintiff's Motion to Strike Affirmative Defenses be denied in its entirety.

Respectfully submitted,

By: /s/ Barry G. Flynn
Barry G. Flynn
Attorney in Charge
State Bar No. 07196560
Federal Bar No. 3618
Daniel D. Kistler
State Bar No. 11540300
Federal Bar No. 30
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANT SCRIBD, INC.**

OF COUNSEL:

GORDON & REES, L.L.P.
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Motion to Strike Affirmative Defenses has been forwarded to Plaintiff by serving it's counsel of record, as set forth below, in accordance with Fed. R. Civ. P. 5, by electronic mail, facsimile, and/or First Class U.S. Mail, postage prepaid, the original hereof has been duly filed electronically with the United States District Court For the Southern District of Texas, Houston Division Clerk's Office on the 21st day of December, 2009.

/s/ Barry G. Flynn/Daniel Kistler
Barry G. Flynn/Daniel Kistler

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | C.A. NO. 4:09-CV-03039 MH |
| | § | |
| SCRIBD, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |
| | § | |
| | § | |

ORDER DENYING PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S AFFIRMATIVE DEFENSES

It is Ordered that Plaintiff's Motion to Strike Defendant Scribd, Inc.'s affirmative defenses is hereby DENIED.

Signed this __ day of _____, 2009.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AND ENTRY REQUESTED:

_____
Barry G. Flynn
Attorney in Charge
State Bar No. 07196560
Federal Bar No. 3618
Daniel D. Kistler
State Bar No. 11540300
Federal Bar No. 30
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)

(713) 961-3938 (Facsimile)
**ATTORNEYS FOR DEFENDANT SCRIBD, INC.**

OF COUNSEL:

GORDON & REES, L.L.P.
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)