UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELAINE SCOTT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-09-3039 |
| | § | |
| SCRIBD, INC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending in this copyright infringement case are Defendant Scribd, Inc.'s ("Scribd") Motion to Strike Class Allegations or, in the alternative, to Deny Class Certification (Doc. 5) and Plaintiff Elaine Scott's Motion to Strike Defendant Scribd's Affirmative Defenses (Doc. 9).

This case was filed by Plaintiff Elaine Scott ("Scott") on September 18, 2009. Scott alleges in her Complaint (Doc. 1) that one of her copyrighted works was uploaded onto Defendant's website and was thereby made available to the public without Plaintiff's consent. On November 6, 2009, Defendant filed its Answer (Doc. 6) and its Motion to Strike Class Allegations or, in the alternative, to Deny Class Certification (Doc. 5). On January 15, 2010, a Scheduling Conference was held and a Scheduling Order was entered (Doc. 13).

Defendant's Motion to Strike Class Allegations or, in the alternative, to Deny Class Certification, arguing that "Plaintiff's action cannot be certified as a class action as it does not comply with the requirements for class certification set out in Federal Rule of Civil Procedure 23(b)[,]" is premature. (Doc. 5 at 2.) Whether Plaintiff can meet the requirements of Rule 23(b), and whether Defendant can rely on the safe harbor provisions in the Digital Millennium Copyright Act, 17 U.S.C. § 512(c), may well depend on the evidence obtained in discovery. Moreover, a decision should not be made on class certification prior to Plaintiff moving for such.

At the time Defendant filed its motion, not only had no discovery been conducted, but a Scheduling Order had not yet been entered. Plaintiff should be afforded some time to conduct a modicum of discovery prior to seeking certification.

Plaintiff Scott seeks to strike each of Defendant's affirmative defenses on the basis that each "falls short of satisfying Rule 8's 'fair notice' pleading requirements." (Doc. 9 at 4.) Under FED. R. CIV. P. 12(f),

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading.

Motions to strike an affirmative defense are generally disfavored, but may be granted where a defense is "insufficient as a matter of law." *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105 (1983). "An affirmative defense is insufficient, within the meaning of Rule 12(f), if the defense cannot as a matter of law succeed *under any circumstance*." *Resolution Trust Corp. v. Sands*, 863 F.Supp. 365, 368 (N.D. Tex. 1994) (emphasis added); *see also Equal Opportunity Employment Comm'n v. First National Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) ("An affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense."), *cert. denied*, 450 U.S. 917 (1981). "When considering a motion to strike, the court takes all well-pleaded facts as true, and views all allegations in the light most favorable to the non-moving party." *National Accident Ins. Underwriters, Inc. v. Citibank*, 333 F.Supp.2d 720, 723 (N.D. Ill. 2004).

A motion to strike an insufficient defense should only be granted if it is shown that "there

are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed". *Securities and Exchange Comm'n v. Sands*, 902 F.Supp. 1149, 1165 (C.D. Ca. 1995) (quoting *Systems Corp. v. American Telephone & Telegraph*, 60 F.R.D. 692, 694 (S.D.N.Y. 1973)), *aff'd*, 142 F.3d 1186 (9th Cir. 1998), *cert. denied*, 525 U.S. 1121 (1999); *see also Seippel v. Jenkins & Gilchrist, P.C.*, 341 F.Supp.2d 363, 383 (S.D. N.Y. 2004) ("even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law").

Here, Defendant Scribd asserts both statutory and common law defenses to Plaintiff Scott's copyright infringement claims. While Scribd does not allege facts in support of each affirmative defense, each asserted defense is stated in sufficiently clear terms to give Scott fair notice. Moreover, Plaintiff has not shown that Defendant is unable to prevail on its affirmative defenses, either singly or in combination, under any circumstances. Defendant Scribd's affirmative defenses are therefore not subject to being stricken under Rule 12(f).

Accordingly, it is hereby

ORDERED that Defendant Scribd, Inc.'s Motion to Strike Class Allegations or, in the alternative, to Deny Class Certification (Doc. 5) is DENIED. To ensure that the class certification issues are considered in a timely manner, however, it is further

ORDERED that a Motion for Class Certification, if one is to be filed, must be filed no later than May 1, 2010. And it is further

ORDERED that Plaintiff Elaine Scott's Motion to Strike Defendant Scribd's Affirmative Defenses (Doc. 9) is DENIED.

SIGNED at Houston, Texas, this 24th day of February, 2010.

                                          MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE